ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
FEB - 7 2007
CLERK, U.S. DISTRICT COURT
By_____
Deputy

| | |
|---|---|
| JAMES ANDREW MCDONALD, § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 4:06-CV-214-A |
| § | |
| NATHANIEL QUARTERMAN, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| Respondent. § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner James Andrew McDonald, #1182617, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in a pre-parole transfer facility in Mineral Wells, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

## C. Factual and Procedural History

McDonald is serving a six-year sentence for a 1997 state conviction in cause number 1997CR5491 for arson out of the 175th District Court of Bexar County, Texas. (State Habeas R. at 90.) Although eligible for mandatory supervision release, TDCJ determined that § 508.149(b) of the Texas Government Code, providing for discretionary mandatory supervision release for prisoners whose offenses occurred on or after September 1, 1996, applies to McDonald. (*Id.* at 31.) TEX. GOV'T CODE ANN. § 508.149(b) (Vernon 2004).[1] On October 24, 2005, the Texas Board of Pardons and Paroles (the Board) voted to deny McDonald release to mandatory supervision under § 508.149(b). (Resp't Answer, Discretionary Mandatory Supervision Packet at 2, 3.) McDonald's next review date was October 2006. (*Id.* at 2.) McDonald filed a state application for writ of habeas corpus, raising one or more of the claims presented herein challenging the Board's 2005 decision, which was denied by the Texas Court of Criminal Appeals on April 5, 2006, without written order. *Ex parte McDonald*, Application No. 64,199-01, at cover. McDonald filed this federal petition for writ of habeas corpus on March 9, 2006.[2]

---

[1]Section 508.149(b) states:

(b) An inmate may not be released to mandatory supervision if a parole panel determines that:

> (1) the inmate's accrued good conduct time is not an accurate reflection of the inmate's potential for rehabilitation; and
>
> (2) the inmate's release would endanger the public.

TEX. GOV'T CODE ANN. § 508.149(b) (Vernon 2004).

[2]*See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (providing pro se habeas petition filed when petition is delivered to prison authorities for mailing).

D. ISSUES

McDonald claims that the Board has misapplied § 508.149(b) to his case and that the Board's denial of his release violates his constitutional rights and the pre-parole contract agreement with TDCJ. (Petition at 7; Pet'r Memorandum 1-13; Pet'r Response at 1-24.)

E. RULE 5 STATEMENT

Quarterman believes McDonald has sufficiently exhausted his state remedies as to the claims presented. (Resp't Answer at 4.) 28 U.S.C. § 2254(b), (c).

F. DISCUSSION

1. Legal Standard for Granting Habeas Corpus Relief

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000), *cert. denied*, 532 U.S. 1039 (2001). A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

Further, federal courts give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. This presumption of correctness applies to both explicit findings of fact and those findings of fact implicit in the state court's mixed law and fact conclusions. *Valdez v. Cockrell*, 274, F.3d 941, 948 n.11 (5th Cir. 2001). The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). When the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, as here, it is an adjudication on the merits, which is entitled to this presumption. *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). In such a situation, a federal court may assume that the state court applied correct standards of federal law to the facts, unless there is evidence that an incorrect standard was applied, and imply fact findings consistent with the state court's disposition. *Townsend v. Sain*, 372 U.S. 293, 314 (1963);[3] *Schartzle v. Cockrell*, 343 F.3d 440, 443 (5th Cir. 2003), *cert. denied*, 540 U.S. 1154 (2004); *Catalan v. Cockrell*, 315 F.3d 491, 493 n.3 (5th Cir. 2002); *Valdez*, 274 F.3d at 948 n.11; *Goodwin v. Johnson*, 132 F.3d 162, 183 (5th Cir. 1997).

2. Application of the Standard to McDonald's Grounds for Relief

McDonald claims § 508.149(b) is unconstitutionally vague because it does not limit the discretion of the Board. The statute calls on the Board to evaluate the inmate's potential for rehabilitation and whether his release would endanger the public. The Texas Court of Criminal Appeals has held these are valid concerns in making the release decision and are not so vague as to

---

[3]The standards of *Townsend v. Sain* have been incorporated into 28 U.S.C. § 2254(d). *Harris v. Oliver*, 645 F.2d 327, 330 n.2 (5th Cir. 1981).

provide the Board with no guidance in their decision. *Ex parte Geiken*, 28 S.W.3d 553, 557 (Tex. Crim. App. 2000). The state court reasoned that "[t]he early release decision is necessarily subjective and cannot be limited to rigidly defined factors." *Id.* This construction is binding on this court. *Ferguson v. Estelle*, 718 F.2d 730, 733 n.5 (5th Cir. 1983).

McDonald claims the Board's denial violates his rights under the due process clause. To the extent McDonald claims he is entitled to release on parole, his claims fail. Although he may be eligible for parole, Texas law does not create a due process liberty interest in parole. *See Johnson v. Rodriguez*, 110 F.3d 299, 305 (5th Cir. 1997). Further, although the Fifth Circuit held that the Texas mandatory supervision scheme in place prior to September 1, 1996, created a due process liberty interest in mandatory supervision release to eligible inmates, it has yet to rule on whether such an interest exists under the revised statute. *See Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000) (citing *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974)).

It is noted that the Texas Court of Criminal Appeals has held the statute vests a liberty interest in an eligible inmate to certain procedural due process considerations. *See Ex parte Geiken*, 28 S.W.3d 553, 558-60 (Tex. Crim. App. 2000). In light of the liberty interest created by the statute, the state court determined that constitutional due process requires that an eligible inmate be provided timely notice that he will be considered for mandatory supervision release and a meaningful opportunity to be heard–i.e., an opportunity to tender or have tendered to the Board information in support of release. *Ex parte Geiken*, 28 S.W.3d at 559-60. Further, if release is denied, the inmate must be informed in what respects he falls short of qualifying for early release. *Id.* at 560. In a later opinion, the state court determined that the notice requirement requires the Board to inform the inmate of the specific month and year he will be reviewed. *Ex parte Ratzlaff*, 135 S.W.3d 45, 50

(Tex. Crim. App. 2004).

On July 20, 2005, McDonald was notified that the Board would initially review his file for discretionary mandatory supervision release thirty days before his projected release date of November 17, 2005. (Discretionary Mandatory Supervision Packet at 1.) He was informed that if he wished to submit any additional information, he should do so in writing before October 3, 2005, to the Parole Division. (*Id.*) Thereafter, on October 24, 2005, the Board decided to deny McDonald discretionary mandatory supervision release and notified him of its decision, the reasons for its decision, and that McDonald's case would be reviewed again in October 2006. (*Id.* at 2-3; Pet'r Memorandum at 2.) Accordingly, as a matter of state law, McDonald was afforded all the due process he was entitled.

McDonald claims that application of § 508.149(b) to his case violates his rights under the equal protection and separation of powers clauses. McDonald has not shown, however, that the Board denied him release on mandatory supervision because of any purposeful discrimination or any impermissible motive, such as race. *See Johnson v. Rodriguez*, 110 F.3d 299, 306-08 (5th Cir. 1997). Furthermore, he cites to no clearly established federal law that § 508.149(b) implicates a violation under the separation of powers clause, and none has been found.

Finally, McDonald claims that TDCJ has misapplied § 508.149(b) to his case because he has obtained pre-parolee status with a presumptive parole date and that the Board's denial of release violates the pre-parole contract agreement with TDCJ. There is no factual basis in the record for these claims. The record does not reflect that the Board established a presumptive parole date for McDonald at the time he was transferred to the pre-parole facility. *See* TEX. GOV'T CODE ANN. § 499.001(4). Instead, it appears that McDonald was transferred to the pre-parole facility within one year of his mandatory supervision release date. *See id.* § 499.02(a). McDonald provides no evidence

that TDCJ or the Board considered his mandatory supervision release date as a presumptive parole date or that he was ever transferred from pre-parole status to parole status. *Id.* § 499.005. McDonald's mere assertions, unsupported by anything contained in the record, have no probative evidentiary value in this proceeding. *See Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983). Thus, McDonald's claims that he had a protected liberty interest in his presumptive parole date and that the Board improperly revoked his pre-parole contract are groundless. Equally groundless is McDonald's claim that § 508.149(b) is not applicable to him because he was released to the custody of the Board when transferred to the pre-parole release facility, thus entitling him to the due process requirements set forth in *Morrissey v. Brewer*, 408 U.S. 471 (1972) (providing minimum due process requirements in a parole revocation case). Texas's pre-parole program is not "a kind of parole" as envisioned by *Morrissey*. *See Patterson v. Cockrell*, No. 4:02-CV-511-Y, 2002 WL 32509028, at *4-5 (N.D. Tex. Oct. 24, 2002) (not designated for publication). *Compare Young v. Harper*, 520 U.S. 143, 152-53 (1997) (holding that due to nature of Oklahoma's pre-parole program it was a "kind of parole").

McDonald has failed to prove that a federal constitutional violation occurred. The state court's determination of the claims presented does not appear to be contrary to or involve an unreasonable application of clearly established federal law nor does it appear to be based on an unreasonable determination of facts in light of the evidence presented in the state court proceedings. The state court's adjudication of the issues presented is thus entitled to a presumption of correctness.

## II. RECOMMENDATION

McDonald's petition should be DENIED.

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file, not merely place in the mail, specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until February 28, 2007. Failure to file specific written objections within the specified time shall bar a de novo determination by the district court of any finding of fact or conclusion of law and shall bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

### IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until February 28, 2007, to serve and file, not merely place in the mail, written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED February 7, 2007.

_Charles Bleil_
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE