

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

JAMES ANDREW MCDONALD,           §
                                 §
          Petitioner,            §
                                 §
VS.                              §   NO. 4:06-CV-214-A
                                 §
NATHANIEL QUARTERMAN,            §
Director, Texas Department       §
of Criminal Justice,             §
Correctional Institutions        §
Division,                        §
                                 §
          Respondent.            §

ORDER

Came on for consideration the above-captioned action wherein

James Andrew McDonald ("McDonald") is petitioner and Nathaniel

Quarterman, Director, Texas Department of Criminal Justice,

Correctional Institutions Division ("Director"), is respondent.

This is a petition for writ of habeas corpus filed pursuant to 28

U.S.C. § 2254.  On February 7, 2007, the United States Magistrate

Judge issued his proposed findings, conclusions, and

recommendation, and ordered that the parties file objections, if

any, thereto by February 28, 2007.  McDonald timely filed written

objections to which Director has not made any further response.

In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the

Federal Rules of Civil Procedure, the court makes a de novo

determination of those portions of the proposed findings or

recommendations to which specific objection is made.  United

States v. Raddatz, 447 U.S. 667 (1980).  The court need not

consider any nonspecific objections or any frivolous or

conclusory objections.   Battle v. United States Parole Comm'n,
834 F.2d 419, 421 (5th Cir. 1987).

McDonald filed his federal petition for writ of habeas
corpus in this court on March 24, 2006, pursuant to 28 U.S.C. §
2254.  McDonald claimed in his petition that section 508.149(b)
of the Texas Government Code is unconstitutionally vague and that
the Texas Board of Pardons and Paroles ("Board") violated his due
process rights in denying his release to mandatory supervision
pursuant to that section.  The magistrate judge, citing both
federal and Texas case law, found that section 508.149(b) is not
unconstitutionally vague and that the Board's action pursuant to
that section did not violate any of McDonald's due process
rights.  McDonald, in turn, makes two specific objections that
address these findings.

First, McDonald argues that he has "proven by fact and law
that [section 508.149(b)] is unconstitutionally vague and that it
was misapplied in his case."  Pet.'s Objections 2.  He maintains
that he is a "PreParolee" under section 499.001 of the Texas
Government Code and thus

> section 508.151(d)'s mandatory language "shall order
> release" . . . compels the Board to release petitioner and
> thereby negates [section 508.149(b)] whose vague, non-
> specific language is not only overridden by [section]
> 508.151(d), but is out of context and harmony with the
> statues governing PreParole . . . causing it to be
> misapplied by fact, law and definition.

Pet.'s Objections 3.   McDonald's main point here appears to be that he was deemed eligible for pre parolee status under section 499.003 and that such section does not mention section 508.149(b).   However, McDonald's argument is without merit because the fact that section 499.003 does not mention section 508.149(b) has no bearing on whether 508.149(b) applied to him. Moreover, according to McDonald, section 508.149(b) should not be applied because it is negated by 508.151(d).   While McDonald quotes from section 508.151(d) in making his argument, he leaves out the language from the section that contradicts such argument.

> If an inmate transferred to preparole status has satisfactorily served the inmate's sentence in the halfway house to which the inmate is assigned from the date of transfer to the presumptive parole date, without rescission or postponement of the date, the parole panel shall order the inmate's release on parole and issue an appropriate certificate of release.   The releasee is subject to the provisions of this chapter governing release on parole.

Tex. Govt. Code. § 508.151(d)(emphasis added).   Section 508.149(b) gives the Board discretion to rescind or postpone the parole date of a prisoner, even after the prisoner has been transferred to preparole status.   Section 508.151(d) clearly contemplates such a situation and in no way negates section 508.149(b).   Therefore, McDonald's argument that section 509.149(b) is unconstitutionally vague and thus cannot be applied to him is without merit.

Second, McDonald argues that the Board's conduct, in denying him release to mandatory supervision, amounted to a violation of his due process rights.   In Malchi v. Thaler, 211 F.3d 953, 957-

3

58 (5th Cir. 2000), the Fifth Circuit clarified that due process
required that certain measures be taken when parole panels deny
prisoners mandatory supervision under the Texas Mandatory
Supervision statute as it read prior to the 1996 amendment.
The court stated that "[w]e now conclude that, pursuant to the
Supreme Court's decision in [Wolff v. McDonnell, 418 U.S. 539
(1974)], there is a constitutional expectancy of early release
created by Texas's mandatory supervision scheme in place prior to
September 1, 1996 for earned good time credits."  Id.  In Wolff,
the Supreme Court examined a Nebraska statute similar to the
Texas Mandatory Supervision law, and found that the statute
created a due process liberty interest in early release.  418
U.S. at 555-58.

Here, McDonald was denied mandatory supervision under the
Texas statute after the 1996 amendment.  In Malchi, the court
recognized that Texas has amended its mandatory supervision
statute [and] . . . [w]e posit no opinion concerning a
constitutional expectancy of early release under Texas's revised
statute."  211 F.3d at 958.  The court pointed out that

> "[t]he new Texas Mandatory Supervision law adds a
> dimension of discretion to the Mandatory Supervision
> scheme, providing that if a parole panel determines
> that the inmate's accrued good conduct time is not an
> accurate reflection of the inmate's potential for
> rehabilitation and the inmate's release would endanger
> the public, he may not be released to mandatory
> supervision.

Id. at 958 n.6 (citing Tex. Govt. Code Ann. § 508.149(b)(Vernon
1998)).  Thus, according to the law of the Fifth Circuit, the

statute under which McDonald was denied release may not create a due process liberty interest in mandatory supervision at all.

However, the Texas Court of Criminal Appeals has found that such a liberty interest is created by § 508.149(b) and that an eligible inmate is entitled to certain procedural due process considerations.  See Ex parte Geiken, 28 S.W.3d, 553, 558-60 (Tex. Crim. App. 2000); Ex parte Ratzlaff, 135 S.W.3d 45, 50 (Tex. Crim. App. 2004).  These considerations consist of notice to the prisoner of the month and year in which he will be considered for mandatory supervision release and a meaningful opportunity to be heard concerning the possibility of release. Ex parte Geiken, 28 S.W.3d at 559-60; Ex parte Ratzlaff, 135 S.W.3d at 50.

In denying McDonald's mandatory supervision release the Board fulfilled the due process requirements created by his liberty interest in such release.  The Board sent McDonald notice of the month and year in which his file was being reviewed for release and gave him an opportunity to submit additional information that he wanted the Board to consider.  Further, when the Board actually denied McDonald's release on October 24, 2005, he was notified of the reasons for the decision and that his case would be reviewed again in October 2006.  Thus, McDonald's claims that the Board's conduct violated his due process rights must be denied.

Finally, McDonald argues that the Board violated the "Pre Parole contractual agreement" contained in sections 499.004(c)

5

and 508.151(c) of the Texas Government Code. Pet.'s Objections 4.

This claim must be denied and the court need not address the

argument any further as section 499.004(c) and 508.151(c) do not

create any type of contract or agreement such that the Board's

conduct constituted any type of violation or breach.

Therefore,

The court accepts the findings, conclusions and

recommendation of the magistrate judge and ORDERS that the

petition in this action be, and is hereby, denied.

SIGNED July 2, 2007.

_____
JOHN McBRYDE
United States District Judge

6